# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Scott R. Zemnick
To Call Writer Directly:
312 861-2374
szemnick@kirkland.com

200 East Randolph Drive
Chicago, Illinois 60601

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

December 20, 2007

**VIA OVERNIGHT MAIL**

Honorable Harold A. Baker
United States District Judge
338 U.S. Courthouse
201 S. Vine Street
Urbana, IL 61802

      Re:    Martin Stamm v. Collins & Aikman Products Co., f/k/a Rantoul Textron Products Co.; Case No. 04-cv-2072 (the "Action")

Your Honor:

My firm represents Collins & Aikman Corporation and its debtor subsidiaries (collectively, the "Debtors")[1] in their chapter 11 bankruptcy cases currently pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Bankruptcy Court"). Pursuant to the District Court's minute entry dated December 7, 2007, I am writing to notify the District Court who, if anyone, will be representing Defendant Collins & Aikman Products Co. (the "Defendant") in the Action.

---

[1] Defendant Collins & Aikman Products Co. is one of the Debtors. The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

Hong Kong    London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

K&E 12304908.2

**KIRKLAND & ELLIS LLP**

Page 2

As Your Honor may know, on May 17, 2005 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), in the Bankruptcy Court. On July 18, 2007, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries (the "Plan").[2] The effective date of the Plan was October 12, 2007 (the "Effective Date"). The Confirmation Order approves, among other things, the injunction set forth in Article XII.E of the Plan and states that:

> Except as otherwise provided in the Plan, or in respect of the OEM Excluded Claims or the NNA Excluded Claims, the Confirmation Order or the Customer Agreement, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability that is paid, compromised or otherwise classified or an Equity Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are **permanently enjoined from taking any of the following actions on account of any such paid, compromised or otherwise classified Claims, debts or liabilities or terminated Equity Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtors, any of the Trusts or their respective property, other than to enforce any right to a distribution pursuant to the Plan**; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtors, any of the Trusts or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any lien or encumbrance against the Debtors, any of the Trusts or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors or any of the Trusts; and (e) **commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**

See Confirmation Order, at ¶ 5 (emphasis added).

---

[2]  A copy of the Plan and the Confirmation Order are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.

K&E 12304908.2

**KIRKLAND & ELLIS LLP**

Page 3

On or about January 11, 2006, Mr. Stamm filed a proof of claim in the Debtors' chapter 11 cases based upon the Action, a copy of which is attached hereto as Exhibit C. Mr. Stamm's claim is classified under the Plan as a Class 5 General Unsecured Claim. Pursuant to the Confirmation Order, the Bankruptcy Court retains jurisdiction to resolve Mr. Stamm's claim. In particular, the Confirmation Order states that the Bankruptcy Court retains jurisdiction to, among other things:

> Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Claim, Priority Claim, Secured Claim and Unsecured Claim and the resolution of any objections to the allowance, priority or classification of Claims or Equity Interests.

See Confirmation Order, at ¶41(a). Therefore, pursuant to the Confirmation Order, Mr. Stamm's claim will be resolved in the Bankruptcy Court. Assuming Mr. Stamm's claim is ultimately allowed by the Bankruptcy Court, Mr. Stamm will receive the treatment set forth in the Plan for holders of Class 5 General Unsecured Claims (i.e., at most, pennies on the dollar).

Accordingly, the Defendant respectfully submits that, pursuant to the injunction set forth in the Plan and the Confirmation Order, Mr. Stamm is barred, estopped and enjoined from continuing the Action in the District Court, and, thus, the Action should be withdrawn.

Given these circumstances, the Defendant respectfully notifies the District Court that the Defendant intends to abandon the Action and any further efforts to be involved in the Action in the District Court.

If Your Honor should have any questions, please do not hesitate to contact me directly at 312.861.2374.

Sincerely,

Scott R. Zemnick

cc:   Ora J. Baer, II, Esq. (Counsel for Plaintiff Martin Stamm - via overnight mail)

K&E 12304908.2