**IN THE**
**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Collins & Aikman Corporation,** | ) | **Chapter 11** |
| et al., | ) | **Case No. 05-55927 (SWR)** |
| | ) | **Honorable Steven W. Rhodes** |
| Debtors. | ) | |

<u>**AMENDED MOTION FOR TRANSFER OF VENUE**</u>

Now comes the creditor, Martin Stamm, by Law Offices of Ora J. Baer, II, his attorney, and respectfully moves that venue for the adjudication of his claim as a general unsecured creditor be transferred, pursuant to the provisions of 28 U.S.C. 1412, to the United States District Court for the Central District of Illinois, Urbana Division, and in support thereof represents as follows:

1. That on April 13, 2004, the creditor filed a "Complaint and Demand for Jury Trial", a copy of which is attached hereto marked Exhibit "A", against Collins & Aikman, Inc., in the United States District Court for the Central District of Illinois, Urbana Division, No. 04-CV-2072, under the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., prior to the debtor's, Collins & Aikman Corp., et al., filing its petition for relief under Chapter 11 of the Bankruptcy Code on May 17, 2005.

2. That resolution of the creditor's action in the United States District Court for the Central District of Illinois has been held in abeyance pending resolution of the debtor's bankruptcy proceedings.

3. That the creditor filed a Proof of Claim, a copy of which is attached hereto marked Exhibit "B", on or about January 11, 2006, based on the cause of action alleged in the complaint filed in the United States District Court for the Central District of Illinois.

4. That on July 18, 2007, the bankruptcy court entered an "Order Confirming First Amended Joint Plan of Collins and Aikman Corporation and Its Debtor Subsidiaries" which provided, inter alia, that each tort claim will remain a disputed claim until it becomes an allowed claim by a final order.

5. That the Urbana Division of the United States District Court for the Central District of Illinois, is located in Champaign County, Illinois; that the creditor, Martin Stamm, has been a resident of Champaign County, Illinois, since the underlying cause of action accrued in 2001; that the creditor's cause of action accrued at the debtor's facility in Champaign County, Illinois; that the debtor was represented by local counsel (Edward M. Wagner of Heyl, Royster, Voelker & Allen) in the Central District of Illinois cause of action until December 7, 2007.

6. That it is the intent of the creditor to present testimony from the following witnesses, all of whom either reside, are employed or regularly transact business in person within 100 miles of the Urbana Division of the United States District Court for the Central District of Illinois:

   a. Dr. Daniel Brownstone, Eye Surgical Associates, 2133 S. Neil St., Champaign, IL  61820; Dr. Brownstone has an opinion, to a reasonable degree of medical certainty, that Martin Stamm could perform well as a forklift driver with the vision he has in his left eye.

   b. Dr. Bruce W. Miller, Springfield, Illinois.  Dr. Miller can testify that he examined Martin Stamm's eyes, and that Mr. Stamm has depth

perception sufficient to allow him to operate motor vehicles, including forklifts.

   c.  Mr. David Fischer, 902 E. Congress, Rantoul, IL 61866.  Although he only has vision in one eye, Mr. Fischer can testify that he safely drove heavy equipment, including forklifts, for the debtor at its Rantoul, Illinois, facility for a period of years.

The following former employees of the Debtor can testify that they have observed Martin Stamm safely drive forklifts for the Debtor:

   a.  Richard "Burt" Lancaster, 304 S. Orange St., P.O. Box 117, Ludlow, IL 60949;

   b.  Marion Parker, 422 W. Washington St., Hoopeston, IL 60942;

   c.  Donald Batson, 408 E. 4th, Gibson City, IL  60936.

7.  That the Debtor's former local human relations manager, David J. O'Rourke, has a residence address (3005 Kyle, Urbana, IL) listed in the current telephone directory that is located within 100 miles of the United States District Court for the Central District of Illinois.

8.  That the Creditor is not able to compel the appearance of his non-party witnesses in the United States Bankruptcy Court for the Eastern District of Michigan.  See F.R.C.P. 45(c)(3) which provides, inter alia, as follows:

> "A.  When required.  On timely motion, the issuing court must quash or modify a subpoena that:
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;"

9.  That the Creditor has the following evidentiary documents, which he may use to support his claim, which are located in the State of Illinois:

   a.  EEOC Notice of Right to Sue.

    **b.  August 21, 2001, letter from Dr. Bruce Miller.**

    **c.  Illinois drivers license issued May 3, 2000.**

    **d.  Illinois drivers license issued May 15, 2000.**

    **e.  "Forklift Disqualification Information" relating to David Fischer and Russell Connelly, Jr.**

    **f.  Job description for forklift driver.**

    **g.  Listing of Debtor employees protected by the Americans with Disabilities Act.**

**10. That the *locus* of the operative facts relating to Martin Stamm's claim under the Americans With Disabilities Act occurred at the Debtor's facility in Champaign County, Illinois, including his demotion from his forklift driving position and the refusal to process applications for subsequent positions involving the driving of a forklift.**

**11. That the creditor is presently employed at the Worden-Martin automobile dealership in Champaign, Illinois, earning $7.50 per hour, which is supplemented by a $3.00 per hour reimbursement for loss of prior income by the State of Illinois.  The creditor essentially lives from paycheck to paycheck.**

**12. That in contrast to the creditor's economic condition, the debtors are authorized to deposit $3,000,000.00 in cash with the Litigation Trust (see P. 29 of the July 18, 2007, "Order Confirming First Amended Joint Plan of Collins and Aikman Corp. and Its Debtor Subsidiaries").**

**13. There is no urgency with respect to the operation of the Litigation Trust because the Litigation Trust is extended to five years from the effective date (see P. 42 of**

the "First Amended Joint Plan of Collins and Aikman Corp. and Its Debtor Subsidiaries"). The effective date was October 12, 2007 (see "Notice of Effective Date of First Amended Joint Plan of Collins and Aikman Corp. and Its Debtor Subsidiaries and Related Deadlines, Notice of Administrative Claims Bar Date and Deadline for Final Fee Applications" dated October 12, 2007).

14. That on August 6, 2004, the Debtor filed a "Certificate of Compliance with Federal Rule of Civil Procedure 26(a)(1) disclosing the names and addresses of its witnesses to the Plaintiff, a copy of which is attached hereto marked Exhibit "C". None of those witnesses had addresses listed within the geographical boundaries of the United States Bankruptcy Court for the Eastern District of Michigan.

15. That on November 30, 2007, the Defendant again filed a Certificate of Compliance with Federal Rule of Civil Procedure 26(a)(1) disclosing the names and addresses of its witnesses to the Plaintiff (Exhibit "D" attached hereto). None of those witnesses had addresses listed within the geographical boundaries of the United States Bankruptcy Court for the Eastern District of Michigan.

16. That it would be economically prohibitive for the creditor to prosecute his claim in the bankruptcy court for the Eastern District of Michigan, Southern Division.

17. That in the interests of justice, or for the convenience of the parties, this cause should be transferred to the United States District Court for the Central District of Illinois, Urbana Division, for adjudication of the creditor's claim.

18. Creditor requests that this motion be heard by telephone conference.

WHEREFORE, the creditor, Martin Stamm, respectfully moves that the Court enter an order transferring adjudication of his claim to the United States District Court for the Central District of Illinois, Urbana Division and further requests that this Motion be heard by telephone conference.

MARTIN STAMM, Claimant

BY LAW OFFICES OF ORA J. BAER, II

By: /s/ Ora J. Baer, II

**VERIFICATION**

Martin Stamm, being first duly sworn on oath, deposes and states that he is the claimant herein, that he has read the foregoing "Motion for Transfer of Venue" and that the facts and matters set forth therein are true and correct.

**/s/ Martin Stamm**

Subscribed and sworn to before me this 21st day of March, 2008.

**/s/ Sue Berndt**
        Notary Public

6

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Amended Motion for Transfer of Venue was served upon the following:

> Mr. Scott R. Zemnick
> Kirkland & Ellis, LLP
> 200 E. Randolph Dr.
> Chicago, IL  60601

> United States Trustee Stephen E. Spence
> United States Department of Justice
> 211 West Fort St., Ste. 700
> Detroit, MI  48226

by enclosing the same in an envelope addressed as aforesaid and by depositing said envelope with first-class postage fully prepaid in an United States Post Office mail box in Champaign, Illinois, on the 31st day of March, 2008.

**/s/ Ora J. Baer, II**

**BUSINESS ADDRESS**
**LAW OFFICES OF ORA J. BAER, II**
**206 NORTH RANDOLPH, SUITE 1**
**POST OFFICE BOX 176**
**CHAMPAIGN, ILLINOIS  61824-0176**
**TELEPHONE:  (217) 352-6338**
**FAX:  (217) 352-1904**