UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARTIN STAMM,                        )
                                     )
            Plaintiff,               )     04-2072
                                     )
     v.                              )
                                     )
COLLINS & AIKMAN PRODUCTS            )
CO., INC., f/k/a RANTOUL TEXTRON     )
PRODUCTS CO.,                        )
                                     )
            Defendant.               )

ORDER

On July 9, 2008, the plaintiff filed an amended status report on his motion for transfer of venue and amended motion for transfer of venue, which are pending in Case No. 05-55927 in the United States Bankruptcy Court, Eastern District of Michigan, Southern Division. The plaintiff informs the court that after a May 22, 2008, oral argument on the pending motions, Bankruptcy Judge Steven Rhodes stated that he would transfer the plaintiff's motions to the United States District Court for the Eastern District of Michigan, and that no separate court file has been established nor has a separate case number been assigned to the motions in the district court.

This court has learned that, on May 27, 2008, Judge Rhodes issued a written order holding the motion to transfer venue in abeyance. The motions have not been referred to the district court because the bankruptcy court is awaiting further action from counsel. Stamm did not incorporate this information into his amended status report.[1]

The plaintiff commenced this action on April 13, 2004. The defendant's bankruptcy caused much of the delay, but little progress has been made in the eight months since the bankruptcy stay was lifted.

This court vacated the telephone status conference that was scheduled for July 9, 2008, based on the plaintiff's status report – which, it turns out, inaccurately reflects the status of the case. The court has rescheduled the status conference for September 9, 2008. In the meantime, the plaintiff must take all possible steps to resolve the matter causing the abeyance and file a status report with this court no later than September 2, 2008. Any further avoidable delay will be viewed most unfavorably by the court and may result in dismissal of Stamm's case.

Entered this  11th  day of July, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] Perhaps Stamm was unaware of the May 27, 2008, order. However, it is the responsibility of the parties to monitor the status of the pending motions and related orders of the bankruptcy court.